Court of Criminal Appeals of Texas
ABEL ACOSTA, CLERK
P.O. BOX 12308, CAPITOL STATION
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUL 31 2015
Abel Acosta, Clerk

Thursday, July 30, 2015

Dear Mr. Abel Acosta, Clerk,
    Will you please filed My Notice of Appeal-With Motion to DisQualify Trial Judge, Susan D. Reed, Motion has already been filed in the 144th District Court, by Bob Lipo, Jr. dated: and filed June 03, 1999 at 9:01 am., by District Clerk, Motion was not ruled upon by one of Reed's Accomplices, Judge Mark Luitjen, Defendant's Motion to DisQualify Bexar County District Attorney's Office, Judge Luitjen Denied the Motion and Did not rule on it, as Trial records, 0114-0121, like Stated in Motions in a Violations of My U.S. Constitutional Rights, Please like Stated in Lee v. State of Texas, see 555, S.W. 2d 151, The Court of Criminal Appeals of Texas, (1) Court of Criminal could consider issue of disqualification of judge as unassigned error in the interest of justice, and (2) where trial Judge was counsel for State, from leaving as Trial Judge, elected as Head District Attorney, November 1998, in same Criminal Case as Trial Judge, The Issue of Disqualification of a judge, arising from a Constitutional or Statutory provision to preside over trial of a case affects jurisdiction and cannot be waived, and judgment rendered is a nullity and void and subject to even collateral attack. Vernon's Ann. St. Const. art. 5 § 11; Vernon's Ann. C.C.P. art. 31.01.
    Please See (1) Exhibits with Motion to DisQualify Trial Judge, Susan D. Reed,

Sincerely requesting,
James Rebector #896933
James Rebector
Alfred D. Hughes Unit, 11 PHD-02B
Route 2, Box 4400
Gatesville, Texas 76597-4400
(254) 865-6663, Unit Warden

(1) Court of Criminal Appeals of Texas

James Rebector, Appellant (Cite as 555 S.W. 2d 121)

v.

July 30, 2015

The STATE of Texas, Appellee    Lee, Appellant

Notice of Appeal, with Motion to Disqualify Trial Judge Reed v.

STATE of Texas, Appellee

The Criminal District Court, Bexar County,    No. 53397

San Antonio, Texas, James Rebector convicted defendant of possession with Intent to Deliver Cocaine, PG 1-4 grams, 1.9 grams and assessed punishment of 35 years as a Habitual Criminal, and defendant appealed. In Criminal conviction, Lee v. State, (555 S.W. 2d 121) The Court of Criminal Appeals, Green, Commissioner, held that: (1) Court of Criminal Appeals, Green, Commissioner, (1) Court of Criminal Appeals could consider issue of disqualification of judge as unassigned error in the interest of justice, and (2) where trial judge was counsel for State and had participated as such such in case while serving in his official capacity on district attorney's staff and where trial judge had reviewed record of case, where Susan D. Reed was Trial Judge in Rebector's case, went from Trial Judge to Head District Attorney, Head Prosecutor in Same criminal case, Reed was Disqualified from Presiding as Judge at trial, lefted bench and went to District Attorney. The case should be Reversed and Remanded, like in Lee v. State. [1] Criminal Law, Key-1130(2) The issue of disqualification of trial judge involves jurisdiction of court to act and should be considered by Court of Criminal Appeals as unassigned error in the interest of justice, [2] Judges, Key-53, Disqualification of a judge, arising from a constitutional or statutory provision, to preside over trial of a case affects jurisdiction and cannot be waived and judgment rendered is a nullity and void and subject even to collateral attack. Vernon's Ann. St. Const. art. 5, § 11; Vernon's Ann. C.C.P. art. 31.01.    → turn over to back.

[4.] Judges, Key-47(1) Where it is shown that trial judge actually investigated, advised or participated in criminal case in any way in the case as contemplated by constitutional and statutory provisions prohibiting trial judge from acting as counsel in criminal case. Vernon's Ann. P.C. arts. 63, 1402; Vernon's Ann. C.C.P. arts. 32.01, 40.09, subd. 13; Vernon's Ann. St. Const. art 5, § 11.

[5.] Judges, Key-47(1) Where trial judge, while serving in his official capacity on district attorney's staff, had reviewed case, trial judge was disqualified from presiding as judge in trial. Vernon's Ann. C.C.P. art. 31.01; Vernon's Ann. St. Const. art, § 11.

[6] Constitutional Law, Key 67 — Judiciary must not only attempt to give all parties fair trial, but it must also try to maintain trust and confidence of the public at a high level. Vernon's Ann. C.C.P. art. 31.01; Vernon's Ann. St. Const. art 5, § 11.

A. Prior Proceeding

The 144th District Court, Bexar County, San Antonio, Texas, James Rebector, convicted defendant in pursuant to possession with Intent to Deliver Cocaine, PG 1-4 grams, 1.9 grams where Susan D. Reed Trial Judge, assessed punishment of 35 years as a Habitual, The Opinion, The Court of Criminal Appeals, Green Commissioner in 555 S.W. 2d 121 held that: (1) Court of Criminal Appeals could consider issue of disqualification of judge as unassigned error, in the interest of justice (2) where trial judge serving in his capacity on district attorney's staff, same thing happen in Rebector's criminal case, where Reed was trial judge, then went to Head District Attorney, in same criminal case, See Trial Records The Court of Justice has not addressed the issue of Disqualification of Judge Reed Void Judgment, because the Defendant's Motion to Disqualify Bexar County District Attorneys Office, filed by Court-Appointed Attorney, Bod Lipo, JR. dated filed June 03, 1999 at 9:01 A.M., by District Clerk, Motion was Denied by Reed's Accomplice, Luitjen, trial judge took Reed trial judge

(3)

Seat in November 1998 trial judge Reed on November 9, 1998 Susan D. Reed, presiding judge in the 144th Judicial District Court, rejected the plea bargain agreement between the State and the defendant and returned the case to trial docket. During the pendency of the action Judge Susan D. Reed played a substantial participatory role by; 1) reviewing the evidence submitted by the state to substantiate the defendant's plea of guilty, and 2) rejecting the plea agreement made between the defendant and the state.

In November 1998 Susan D. Reed was elected Head Bexar County District Attorney. One of Reed's steps as District Attorney was to forbade the prosecutors handling felony cases from waiving and abandoning repeater and habitual allegations in an indictment as a plea bargaining tool,

A. Prior Proceeding, see Clerk's Record of Facts, Volume 1 of 1, Trial Court Case No. 96-CR-3488, In the 144th District Court of Bexar County, Texas Mark Luitjen, Judge presiding, 04-99-00739-CR, James Rebector, Appellant V. State of Texas, Appealed to the Court of Appeals for the 4th District of Texas, San Antonio, Texas, Court-Appointed Attorney that Judge Reed paid to represent Mental Ill, Rebector Attorney for Appellant Bertram Oliver Wood III, S.B.N. #21884501, filed A Trivolous Brief commanded by Reed to cover up Void Judgment, because Defendant's Motion to Disqualify Bexar County District Attorney's Office Susan D. Reed and All her Accomplices Wood court-Appointed attorney did not object to the Motion that was filed by Bob Lipo, Jr. to disqualify Susan D. Reed and her entire Office from proceeding in the Same criminal case, that was still pending? See Clerk's Record files, dates, times of Appointments and Motions that was filed properly and not ruled on by Luitjen, because ~~Reed to~~ told Luitjen not to rule on Any Motions, Writs that was filed Pro-Se by Rebector See "FRAUD" that committed by Reed and All other Accomplices, Clerk's Record, Index, for of All the fraudulent Indictment that was filed, Caption 0-8

(4.) Appointment of Attorney - Thomas Ramirez - 2/27/98 - 24 Motion for Psychiatric Evaluation - 25, Filed Marked: June 26, 1998 - Page 27, In Original Motion that was filed by Thomas Ramirez, Court-Appointed Attorney paid and Hired by Trial Judge Susan D. Reed in 98-CR-3488, Cause NO. NM586759 & 96-CR-1186, trial records 0025, 0026, signed by Trial Judge, Susan D. Reed stamped and dated filed on June 29, 1998 Motion for Psychiatric Evaluation, It is Therefore Ordered and Decreed that the Motion for Psychiatric Evaluation is Granted, James Rebector is ORDERED to appear for Psychiatric Evaluation to be performed as soon as possible at the Bexar County Jail signed and Agreed by Trial Judge Susan D. Reed. This is the ONLY 1 motion filed by Court-Appointed Attorney Ramirez, paid and hired by Reed, which in is ineffective assistance of Counsel, then Reed, Judge hired Court-Appointed J. Edward Reaves, Jr., S.B.N. 00786406, Appearance of Counsel trial Records, 0039, 0040 on November 10, 1998, to receive back the guns and monies 0041 stamped, dated, Nov. 10, 98, at 4:12 PM, by District Clerks' Office, See also OPINION, No. 04-99-00234-CV, James Rebector, Appellant, v. The STATE of Texas, Appellee, From the 73rd Judicial District Court, Bexar County, Texas Trial Court No. 98-CI-07934 Michael Peden, Judge Presiding, Delivered and Filed: October 20, 1999. REVERSED AND REMANDED. See Clerk's Record, PRO-SE APPELLANT James Rebector, SID# 545213, Bexar County Adult Community Center, 200 N. Comal San Antonio, Texas 78207, Attorney-For-Appellee, Ray Gattinella Assistant District Attorney, 300 Dolorosa, #4049, San Antonio, Texas 78205 (210) 335-2139 S.B.N.#00798202, Transcript Cover No. 98-CI-07934 James Rebector PRO-SE Appellant, vs. State of Texas, Appellee, From the 73rd District Court of Bexar County, Applied for by James Rebector to Court of Appeals on April, 15, 1999, by Reagan E. Greer, Clerk, by Sandy Settles, Deputy.

next page → turn to

(5) Please See Defendant's Motion to Disqualify Reed and All of her Accomplices Both Trial Judges and District Attorneys, All blocked and tried to Cover up This VOID JUDGMENT of 35 years, as a Habitual Criminal, for 1.9 grams of Crack Cocaine, Which is Only a third-degree felony, carries Only, 2-10 years in Prison, Mentally ILL Rebector has Already done 17 years and 4 months, The Court of Criminal Appeals of Texas, like stated in Lee v. State of Texas, Cite as: 555 S.W.2d 121 Reversed and Remanded, in Rebector's Case, the FACTS reveals the same Constitutional and Statutory provision to preside over trial of a case affects jurisdiction and cannot be waived, and judgment rendered is a NULLITY and VOID and Subject even to collateral attack. Vernon's Ann. St. Const. art. 5, § 11; Vernon's Ann. C.C.P. art. 31.01. You see Court of Criminal Appeals of Texas, It is No Way that Mentally ILL Rebector could have received A FAIR TRIAL with All the FRAUDULENTS ACTS and EVENTS took place by Trial Judge Susan D. Reed, then went to Head District Attorney, in Same Criminal Case Conviction with All of Reed's Accomplices, in the Same 144th District Court, where Reed was Trial Judge for 12 long years, see again also Lee, Appellant v. State of Texas Appellee, Reversed and Remanded, cite as: 555 S.W.2d 121 Disqualification of Trial Judge.    B. Legal Basis for Motion, This Motion is sought pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, Article 1, Sections, 3, 9, 10, 13, 15 and 19 of the Texas Constitution, Section 1.03, 1.04, 1.05, 1.09, 1.10, 1.11 and 2.01 of the Texas Code of Criminal Procedures, Rules 1.05, 1.06, 1.11(a), 3.05 of the Texas Disciplinary Rules of Professional Conduct; Cannon 5 of the Texas Code of Judicial Conduct.   C. Grounds for Disqualification This Court is faced with duty of maintaining both the Public's and the individual's (Rebector) confidence in the integrity of the judicial System, Prior to Reed's election as Head Bexar County District Attorney, Reed had a personal and substantial →

turn over (

(6) participation in this matter that creates a conflict of interest, like stated in Opinion, Green, Commissioner,

In a trial before a jury appellant Rebector was convicted of Possession With Intent to Deliver Crack Cocaine, PG1-4 grams, 1.9 grams of Crack Cocaine, See Art. 1402, V.A.P.C. Punishment, enhanced under provisions of Art. 63, V.A.C.P. was assessed to 35 years as a Habitual, in Lee's case; Cite as 553 S.W.2d 121, Closing Arguments, Art. 5 Sec. 11, Texas State Commission in its pertinent parts provides as follows: "Sec. 11, No judge shall sit in any case ... when he shall have been counsel in the case, or ... Art. 30.01 V.A.C.C.P. "By this holding we do not intend to cast a shadow upon the trial judge. We have no doubt that the trial's judge's integrity is of the highest. However, as Chief Justice Willie stated in case of Hodde v. Susan, 58 Tex. 389, 395. "It was the object of the Constitution to place judicial officers beyond the temptation which such circumstances would throw in their way." "The judiciary must not only attempt to give all parties a fair trial, but it must also try to maintain the trust and confidence of the public at a high level, Article 15 (in our case Art. 5, Sec. 11, Tex. Const. and Art. 30.01, V.A.C.C.P.) is one aid in accomplishing these aims ..." "The judgment is reversed and the cause is remanded. Opinion approved by the Court, 555 S.W.2d12 With FACTS reveal as Records in Rebector's case, the same judgment should be reversed and and case is remanded:

Sincerely Requesting,

James Rebector #896933
James Rebector
Alfred D. Hughes Unit, 11 PHD-02B
Route 2 Box 4400
Gatesville, Texas 76597-4400
(254) 865-6663, Unit Warden

# JUDGMENT OF CONVICTION - PLEA OF NOLO CONTENDERE BEFORE THE COURT

## STATE JAIL FELONY SENTENCE SUSPENDED
## PLACEMENT ON COMMUNITY SUPERVISION

THE STATE OF TEXAS     NO. 96CR1186     IN THE 144TH DISTRICT COURT

VS          OF

JAMES REBECTOR          BEXAR COUNTY, TEXAS

JUDGE PRESIDING: JUDGE SUSAN D. REED     DATE OF JUDGMENT: NOV 12 1996

APPEARANCES KEVIN COLLINS     APPEARANCES
FOR STATE: MLISS CHRISTIAN     FOR DEFENDANT: MAURICE ANTHONY

OFFENSE CONVICTED OF: POSS CS PG 1 LESS THAN 1 GRAM
481.115 (B) HSC     DATE OF CONVICTION: 10-04-96    *Released Cou~~ Nov 7, 1997*

DEGREE OF OFFENSE: STATE JAIL FELONY     DATE OFFENSE COMMITTED: 12-11-95    *TDC.*

CHARGING INSTRUMENT: INDICTMENT

PLEA TO COURT: NOLO CONTENDERE     VERDICT OF COURT: GUILTY

TERMS OF PLEA AGREEMENT: 2 YRS TDCJSJD; 5 YRS SUPERVISION; $1,000.00 FINE

PLEA TO
ENHANCEMENT: N/A     FINDING ON
ENHANCEMENT: N/A

FINDING ON SPECIAL ISSUE(S): N/A

DATE SENTENCE SUSPENDED: 11-05-96     DATE TO COMMENCE: UPON ADMISSION
SENTENCE OF CONFINEMENT
( STATE JAIL ):
2 YRS TDCJ-SJD AND A FINE OF $ 1,000.00     TDCJSJD UPFRONT TIME: ONE (1) YEAR
CONCURRENT UNLESS OTHERWISE SPECIFIED:

PERIOD OF SUPERVISION: 5 YRS     COSTS: $ 126.50

On the __4TH OF October, 1996__ the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of __NOLO CONTENDERE__ to __POSS CS PG 1 LESS THAN 1 GRAM__

Thereupon, the Defendant was admonished by the Court of the consequences of said plea and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of __NOLO CONTENDERE__ was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

*Exhibit of (3) three Cause numbers: 93-CR-2864, 96-CR-1186, for the same conviction, Enhanced 98-CR-3488 illegally*

*(8)*

(JSD70M)

NO. 96CR1186      STATE OF TEXAS VS. JAMES REBECTOR

It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that the defendant is guilty of the offense stated above, and, the Court having reviewed the presentence investigation report, the punishment is fixed as determined by the Court, and the State of Texas do have and recover of said defendant all court costs in this prosecution expended for which execution will issue.

| CLERKS FEES | 40.00 | CRIME VICTIM FEE | 45.00 | APPOINTED INVESTIGATOR | 0.00 |
|---|---|---|---|---|---|
| LEOEF | 3.50 | JCPTF | 1.00 | CRIMINAL JUSTICE FEE | 20.00 |
| JURY FEE | 0.00 | CRIME STOPPERS FEE | 2.00 | FINE | 1,000.00 |
| APPOINTED ATTY | 0.00 | RECORDS MGT FEE | 10.00 | CRT HSE SEC FEE | 5.00 |
| VIDEO | 0.00 | GRAND TOTAL | 1,126.50 | | |

However, on the **5TH OF November, 1996** the Court, after due consideration, is of the opinion and so finds that the ends of justice and the best interest of the public and the Defendant will be subserved if the imposition of the sentence in this cause be suspended and the Defendant is placed on community supervision under the direction of this Court.

It is, therefore, ORDERED by the Court that the imposition of the sentence of confinement in this cause is hereby suspended, and the Defendant is placed on community supervision for **5 YRS**, subject to the conditions of supervision imposed by the Court and served on the Defendant.

The Court thereupon fully advised the defendant as to the law regarding the filing of Motions for New Trial, Motions in Arrest of Judgment, and Notice of Appeal.

SIGNED and ENTERED of Record this 12th day of    Nov    19 96.

Notice of Appeal: _____

JUDGE

(9)

Prepared by 09171

SUSAN D. REED
144TH DISTRICT COURT
BEXAR COUNTY, TEXAS

(JSD70B)

DC96CR1186

# In the name and by the authority of

# The State of Texas

## OATH OF OFFICE

I, __SUSAN D. REED__, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of __DISTRICT JUDGE__, __144TH DISTRICT OF THE STATE OF TEXAS__ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State; and I furthermore solemnly swear (or affirm), that I have not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward for the giving or withholding a vote at the election at which I was elected. So help me God.

_[signature]_

__SUSAN D. REED__

SWORN TO and Subscribed before me by __SUSAN D. REED__
on this __1st__ day of __January__, 19__87__.

_[signature]_

**Notary Public, State of Texas**

UNITED STATES DISTRICT JUDGE

**Notary Printed Name**

WESTERN DISTRICT OF TEXAS

**Commission Expiration Date**

(Seal)

(19)

In the name and by the authority of

# The State of Texas

## OATH OF OFFICE

RECEIVED
SECRETARY OF STATE
JAN - 7 1991
STATUTORY DOCUMENTS

I, _____SUSAN D. REED_____, do solemnly swear (or

affirm), that I will faithfully execute the duties of the office of _____

DISTRICT JUDGE 144th DISTRICT COURT_____of the

State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and

laws of the United States and of this State, so help me God.

_____
SUSAN D. REED

SWORN TO and Subscribed before me by _____JOYCE MCCLAY_____ on this

2nd day of ___January_____, 19 _91_ .

_____
Signature of Person Administering Oath

JOYCE McCLAY_____
Printed Name

Notary_____
Title

JOYCE O. McCLAY
Notary Public
State of Texas
Comm. Exp. June 27, 1993

(20)

See Reverse Side
for Instructions

In the name and by the authority of

# The State of Texas

## OATH OF OFFICE

Filed in the Office of
Secretary of State

JAN - 6 1995

Statutory Filings Division
Statutory Documents

I, SUSAN D. REED , do solemnly swear (or affirm), that I will faithfully execute the duties of the office of DISTRICT JUDGE – 144th DISTRICT COURT of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State, so help me God.

Affiant SUSAN D. REED

SWORN TO and subscribed before me by affiant on this 1st day of January 19 95 .

Signature of Person Administering Oath

Sharon MacRae
Printed Name

290th District Judge
Title Bexar County, Texas

(Seal)

See Reverse Side
for Instructions
Revised August 1994

(21)



NO. 96-CR-1186-W1

| EX PARTE: | § | IN THE DISTRICT COURT |
|---|---|---|
| JAMES REBECTOR, | § | 144th JUDICIAL DISTRICT |
| APPLICANT | § | BEXAR COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF THE 144th JUDICIAL DISTRICT COURT:

Now comes the State of Texas through its Criminal District Attorney, Susan D. Reed, and files this Response to the Applicant's petition for writ of habeas corpus.

## I.

The Applicant, James Rebector, has filed this petition for a post-conviction writ of habeas corpus pursuant to Article 11.07 §3(a), Tex. Code Crim. Proc. Ann. (Vernon Supp. 2000). The State files this mandatory answer pursuant to Art. 11.07 §3 (b), supra.

## II.

The Applicant was convicted of committing the offense of Possession Controlled Substance in cause Number 96-CR-1186 and punishment was assessed at confinement for two (2) years. His petition for writ of habeas corpus was filed on September 8, 1999. The State was served by the District Clerk of Bexar County on September 15, 1999.

## III.

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of the same.

.1

(25)

## CONCLUSION

Wherefore, premises considered, the State would urge that the trial court enter an order recommending that relief be denied.

Respectfully submitted,

SUSAN D. REED
Criminal District Attorney
Bexar County, Texas

Edward F. Shaughnessy
Assistant Criminal District Attorney
Bexar County, Texas
Bexar County Justice Center
300 Dolorosa
San Antonio, Texas 78205-3030
(210) 335-2414
FAX NO. (210) 220-2436
State Bar No. 18134500

Attorneys for the State

2

(26)

## CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, Assistant Criminal District Attorney, Bexar County, Texas, certify that a copy of the foregoing response was mailed to Mr. James Rebector, #545213, Bexar County Adult Detention Center, 200 N. Comal, San Antonio, Texas 78207, on this the **2 1** day of September 1999.

_E.F. Shaughnessy_
Edward F. Shaughnessy

3

(27)



CAUSE NO. 1998-CR-3488-W3

FILED
DISTRICT CLERK
BEXAR CO. TEXAS

2001 MAY -7  A 11: 12

DEPUTY

BY_____

EX PARTE:                                IN THE DISTRICT COURT

JAMES REBECTOR                           244TH JUDICIAL DISTRICT

APPLICANT                                BEXAR COUNTY, TEXAS

---

## STATE'S RESPONSE TO APPLICANT'S PETITION
## FOR WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the State of Texas by and through its Criminal District Attorney, Susan D. Reed, and files this response to the Applicant's Petition for Writ of Habeas Corpus.

### I.

The Applicant James Rebector has filed this petition for a post-conviction writ of habeas corpus pursuant to Article 11.07, § 3(a), Texas Code of Criminal Procedure Annotated (Vernon Supp. 2000). The State files this mandatory answer pursuant to Article 11.07 § 3(b), supra.

### II.

The Applicant was convicted of committing the offense of Possession w/intent to deliver in Cause No. 1998-CR-3488-W3 and punishment was assessed at confinement for 35 years. His petition for a writ of habeas corpus was filed on April 30, 2007. The State was served by the District Clerk of Bexar County on May 4, 2007.

### III.

The State generally and specifically denies each and every allegation of fact made by the Applicant and demands strict proof of same.

(28)

## CERTIFICATE OF SERVICE

I, Mary Beth Welsh, Assistant Criminal District Attorney, Bexar County, Texas, certify that a true and correct copy of the foregoing response was mailed to James Rebector, Ramsey I Unit, 1100 FM 655, Rosharon, Texas 77583, on this the 7th day of May 2007.

_Mary Beth Welsh_
MARY BETH WELSH

(29)

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the State would urge that the trial court ender an ORDER recommending the relief be denied.

Respectfully submitted,

SUSAN D. REED
Criminal District Attorney
Bexar County, Texas

*Mary Beth Welsh*

MARY BETH WELSH
Assistant Criminal District Attorney
Bexar County, Texas
Cadena-Reeves Justice Center
300 Dolorosa
San Antonio, Texas 78205-3030
SBN: 00785215
(210) 335-2782
(210) 335-2436-FAX

Attorneys for the State

(30)